[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14677
Non-Argument Calendar

_____

D. C. Docket No. 07-00104-CR-T-30EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO HERNANDEZ-PENA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 20, 2008)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Francisco Hernandez-Pena appeals his 46-month sentence following his

guilty plea to illegal reentry by an individual previously convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On appeal, Hernandez-Pena argues that his sentence is procedurally unreasonable because the district court failed to consider any 18 U.S.C. § 3553(a) factors other than the advisory guideline range itself. Hernandez-Pena further contends that consideration of the § 3553(a) factors reveals that his 46-month sentence is substantively unreasonable.

We review the sentence imposed by the district court for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). Recently, the Supreme Court clarified that courts of appeal are to review sentences for abuse of discretion. Gall v. United States, 552 U.S. __, __, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

Id. To that end, the district court "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. __, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). However, "nothing in

2

Booker[1] or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

If the district court's decision is procedurally reasonable, our analysis then turns to the substantive reasonableness of the sentence. Gall, 552 U.S. at __, 128 S.Ct. at 597. Reasonableness review is deferential and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Talley, 431 F.3d at 788. "In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors" rather than reviewing each individual decision made during the sentencing process. United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006). Furthermore, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and we "will not substitute our judgment in weighing the relevant factors." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), cert. dismissed, 127 S.Ct. 3040 (2007), abrogated on other grounds by, Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). We have noted that "a district court's

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

3

unjustified reliance on any one Section 3553(a) factor may be a symptom of an unreasonable sentence." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F.3d at 786 (summarizing 18 U.S.C. § 3553(a)).

Although in Rita, 551 U.S. at __, 127 S.Ct. at 2462, the U.S. Supreme Court held that courts of appeals may afford a presumption of reasonableness to sentences within the properly calculated guidelines range, we have declined to provide such a presumption. United States v. Campbell, 491 F.3d 1306, 1313-1314 (11th Cir. 2007). While we do not apply such a presumption, "there is a range of reasonable sentences from which the district court may choose[,]" and we ordinarily expect a sentence within the guidelines range to be reasonable. Talley, 431 F.3d at 788. We have also held that comparing the sentence imposed against the statutory maximum sentence is one indication of reasonableness. Valnor, 451 F.3d at 751-52.

4

Upon review of the presentence investigation report and sentencing transcript, and upon consideration of the briefs of the parties, we discern no reversible error. We conclude that Hernandez-Pena's sentence is procedurally reasonable because the district court properly calculated the advisory guideline range, considered the relevant § 3553(a) factors, considered Hernandez-Pena's arguments for a below-guideline sentence, and articulated a reasoned basis for its decision. Further, Hernandez-Pena failed to meet his burden of establishing that his 46-month sentence at the low end of the guideline range is substantively unreasonable. Accordingly, we affirm Hernandez-Pena's sentence.

**AFFIRMED.**[2]

---

[2] Appellant's request for oral argument is denied.